IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JANFRANK BERRIOS LAGUNA,** *Petitioner* | § § § | |
| v. | § § | |
| **TODD M. LYONS,** Acting Director, United States Immigration and Customs Enforcement, in his official capacity; **PAMELA BONDI,** United States Attorney General, in her official capacity; **KRISTI NOEM,** Secretary of Homeland Security, in her official capacity; **MIGUEL VERGARA,** Field Office Director, San Antonio Field Office, in his official capacity; **CHARLOTTE COLLINS,** Warden at the T. Don Hutto Residential Center, in her official capacity, *Respondents* | § § § § § § § § § § § § § § § § | 1:25-CV-00558-RP-SH |

## SHOW CAUSE ORDER

Before the Court are Petitioner Janfrank Berrios Laguna's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 1), filed April 14, 2025, and Petitioner's Application for Immediate Issuance of Order to Show Cause (Dkt. 3), filed April 16, 2025. Petitioner has paid the $5.00 filing fee required to bring such an action.[1]

### I. Background

Petitioner Janfrank Berrios Laguna alleges the following in his Petition. Petitioner is a Venezuelan national who holds Temporary Protected Status ("TPS") under 8 U.S.C. 1254a. Dkt. 1 at 1. The TPS statute provides that "[a]n alien provided temporary protected status under this

---

[1] On April 14, 2025, the District Court referred this case to this Magistrate Judge for disposition of non-dispositive pretrial matters and Report and Recommendation as to case-dispositive motions, pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. 1254a(d)(4). *Id.* The U.S. Immigration and Customs Enforcement ("ICE") unlawfully detained Petitioner on January 15, 2025.

Petitioner alleges that his detention is a violation of the Immigration and Nationality Act ("INA"), the TPS, and the Due Process Clause of the Fifth Amendment. Petitioner asks the Court to grant him a Writ of Habeas Corpus under 28 U.S.C. § 2241 and order Respondents to release him from custody. In addition, Petitioner asks the Court to issue a show cause order under 28 U.S.C. § 2243 directing Respondents to show cause why his habeas petition should not be granted. Dkt. 3.

## II. Analysis

This Court has jurisdiction to review Petitioner's constitutional challenges to his *detention* under 28 U.S.C. § 2241.[2] *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."); *Glushchenko v. United States Dep't of Homeland Sec.*, 566 F. Supp. 3d 693, 702 (W.D. Tex. 2021) ("[T]his court has jurisdiction to decide statutory and constitutional challenges to civil immigration detention"); *Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[D]istrict courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241[.]").

---

[2] The Court, however, does not have jurisdiction to consider challenges to final removal orders. 8 U.S.C. § 1252(a)(5); *see also Glushchenko v. United States Dep't of Homeland Sec.*, 566 F. Supp. 3d 693, 702 n. 57 (W.D. Tex. 2021).

Pursuant to 28 U.S.C. § 2243, Petitioner asks this Court to order Respondents to show cause within three days as to why his Petition should not be granted. Section 2243 provides, in relevant part:

> A court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

While the statute refers to three days, courts in this district have found that the strict time limits in § 2243 "are subordinate to the district court's authority to set deadlines under Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts." *Olya v. Garite*, No. EP-25-CV-00083-DCG, 2025 WL 890180, at *1 (W.D. Tex. Mar. 19, 2025) (citing cases). Instead, courts have found that a 14-day deadline for respondents to respond to show cause orders to be reasonable. *See id.*; *Doe v. Garite*, No. 3:25-cv-00046-KC (Dkt. 5) (W.D. Tex. Feb. 21, 2025).

The Court agrees with Petitioner that a show cause order is necessary here. But to give Respondents adequate time to brief the issues, the Court exercises its discretion to extend the response deadline to 14 days.

Accordingly, the Court **ORDERS** the Clerk to serve a copy of the Petition (Dkt. 1) on the Respondents through their counsel, by certified mail, return receipt requested.

It is **FURTHER ORDERED** that the Respondents shall **SHOW CAUSE** no later than **May 1, 2025**, why the Petitioner for Writ of Habeas Corpus should not be granted.

It is **FURTHER ORDERED** that Petitioner may file a reply in support of his Petition within 10 days of being served with the Show Cause Response.

**SIGNED** on April 17, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4